# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LERISA FLETCHER**, | Case No. 3:20-cv-1243-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **UNITED STATES DEPARTMENT OF AGRICULTURE,** a subdivision of the United States of America, and **THOMAS VILSACK**, in his official capacity as Secretary of the United States Department of Agriculture, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

## ORDER

Plaintiff Lerisa Fletcher was an employee of the United States Department of Agriculture (USDA) from October 14, 2018, until the USDA terminated her employment on May 5, 2019. On July 29, 2020, Plaintiff sued the USDA and the Secretary of the USDA in his official capacity (collectively Defendants).[1] Plaintiff alleges two claims of disability discrimination, the first under the Family Medical Leave Act and the second under the Americans with Disabilities Act. On March 22, 2021, Defendants filed a Motion to Dismiss for Failure to State a Claim, or,

---

[1] Plaintiff named Sonny Perdue, the Secretary at the time of filing. The Court has substituted Thomas Vilsack, the current Secretary, under Rule 25(d) of the Federal Rules of Civil Procedure.

PAGE 1 – ORDER

in the alternative, a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies. Plaintiff did not respond to Defendants' motion or file a motion for extension of time to respond. On April 19, 2021, the Court issued a Scheduling Order providing Plaintiff with more time to file a motion for extension of time to respond to the pending motion and warning Plaintiff that if she did not do so the Court would decide the pending motion, taking the appropriate inferences against Plaintiff based on her lack of response. Plaintiff did not respond to the Court's Order, file a motion for extension, or file a late response.

As explained by U.S. Magistrate Judge John V. Acosta,

> Unlike other district courts, the District of Oregon has not implemented a local rule that "failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." *Mayes v. Smart & Final, Inc.*, 759 F. App'x 628, 630 (9th Cir. 2019) (citing D. Nev. Civ. R. 7-2(d)). Nor does the District of Oregon have a local rule stating that "[w]ithin 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." D.C. Cir. R. 7(b).

*Yentz v. Nat'l Credit Adjusters, LLC*, 2021 WL 1277961, at *4 (D. Or. Feb. 15, 2021), *report and recommendation adopted*, 2021 WL 1270457 (D. Or. Apr. 6, 2021).

There are many cases in this district, however, that are in accord with cases from those districts that have such local rules. *See, e.g.*, *id.* ("Yentz's failure to respond to NCA's Motion is a concession of it on the merits and constitutes a separate independent ground on which to dismiss his complaint. . . . Accordingly, by failing to respond to NCA's Motion, Yentz concedes NCA is not a CRA and abandons his claim. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) ("A plaintiff who makes a claim . . . in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss . . . has effectively abandoned his claim, and cannot raise it on appeal."); *Hensley v. Interstate Meat Distrib., Inc.*, 2020 WL 1677658, at *4

(D. Or. Jan. 10, 2020), *report and recommendation adopted*, 2020 WL 1674350 (D. Or. Apr. 6, 2020) ("Given the circumstances here, dismissal is appropriate. Plaintiff has failed to file any response to defendant's motion to dismiss, even though the court granted him an extension of time to do so.").

Additionally, "District courts have inherent power to control their dockets," including by imposing the sanction of dismissal. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also McNair v. Rossi*, 2019 WL 722605, at *2 (D. Or. Feb. 5, 2019), *report and recommendation adopted*, 2019 WL 720975 (D. Or. Feb. 20, 2019) (recommending that the case be dismissed "for lack of prosecution and for failure comply with court orders" when the plaintiff did not respond to motion to dismiss).

Before dismissing a complaint, whether for failure to prosecute or failure follow a court order (such as the Scheduling Order the Court issued in this case) or failure to follow local rules, the Ninth Circuit instructs that a district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See, e.g.*, *Ferdik*, 963 F.2d at 1260-61 (holding that district courts have authority to dismiss if the plaintiff fails to prosecute or follow a court order, after considering the five factors); *Thompson*, 782 F.2d at 831 ("We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders. . . . However, because dismissal is such a severe remedy, we have allowed its imposition in these circumstances only after requiring the district court to weigh [the

five] factors[.]"); *see also Wystrach v. Ciachurski*, 267 F. App'x 606, 607 (9th Cir. 2008) ("The court also did not abuse its discretion in applying its local rule summarily to grant defendants' motion to dismiss because plaintiffs failed timely to respond. . . . Failure to follow a district court's local rules is a proper ground for dismissal. Before doing so, however, the district court is required to weigh [the] five factors[.]" (quotation marks and citation omitted)).

In the District of Oregon, Local Rule 7(e)(1) provides: "A party must file and serve any response within 14 days after service of the motion." Fourteen days after March 22 was April 5, 2021. Because Defendants' motion was, in the alternative, a motion for summary judgment, even construing the motion as one for summary judgment, under Local Rule 7(f)(1), Plaintiff had 21 days to respond, until April 12, 2021. Plaintiff did not respond to Defendants' motion by that date. On April 19, 2021, the Court issued a scheduling order that stated:

> Defendant filed a motion to dismiss or, alternatively, for summary judgment, on March 22, 2021. Even construing the motion as one for summary judgment, Plaintiff's response was due on April 12, 2021. Plaintiff did not file a response or a motion for an extension of time to respond. If Plaintiff does not file a motion for extension of time to respond on or before April 23, 2021, the Court shall take Defendant's motion under advisement without the benefit of a response from Plaintiff and taking the appropriate inferences from the lack of response by Plaintiff.

ECF 11 (citation omitted). Plaintiff did not file a response or motion for extension by April 23, 2021, nor has Plaintiff yet submitted any response or motion for extension. Thus, Plaintiff has violated Local Rule 7(e)(1) by failing to respond to Defendants' motion by April 4 (or Local Rule 7(f)(1) by failing to respond by April 12, if Defendants' motion is construed as a motion for summary judgment), and Plaintiff has also violated the Court's April 19th Scheduling Order. The Court, therefore, weighs the five factors established by the Ninth Circuit.

### 1. Public Interest in Expeditious Resolution of Litigation

Because "the public's interest in expeditious resolution of litigation always favors dismissal," the Court finds that the first factor supports granting the motion to dismiss. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999).

### 2. The Court's Need to Manage its Docket

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Court must "manage its docket without being subject to routine noncompliance of litigants such as" Plaintiff. *Id*. The second factor, therefore, also favors granting the motion to dismiss.

### 3. Risk of Prejudice to Defendants

This factor weighs slightly in favor of dismissal. The Ninth Circuit does not consider limited delays in litigation prejudicial—only "unreasonable" delays are prejudicial. *Id*. Defendants filed a relatively short motion, to which Plaintiff did not respond. After the Court asked about the delay, counsel for Plaintiff emailed the Court on April 13, 2021, stating that the delay was because of health problems and stating that counsel would file a motion for extension of time. Plaintiff's counsel, however, did not file the promised motion for extension of time in response to the Court's email or the Court's April 19, 2021 Scheduling Order. Plaintiff has filed nothing to date. Thus, the delay is unreasonable and this factor supports dismissal, albeit slightly.

### 4. Public Policy Favoring Disposition of Cases on the Merits

Generally, the public policy favoring disposition on the merits counsels strongly against dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Plaintiff, however, has ignored the Court's Scheduling Order and the Local Rules, and has refused to prosecute her case. As the Ninth Circuit has explained, "where the plaintiffs themselves prevent

their cases from moving forward, the public policy favoring resolution on the merits cannot weigh much, if at all, in their favor." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006). Thus, this factor is neutral.

### 5. Availability of Less Drastic Actions

The Court has attempted less drastic action. The Court emailed the parties, asking Plaintiff's counsel whether Plaintiff intended to respond and if Plaintiff intended to file a motion for extension of time to respond. The Court also issued the Scheduling Order, giving Plaintiff time to file a motion for extension of time to respond. Thus, the Court considered less drastic action for Plaintiff's failure to follow the Local Rules. As for Plaintiff's failure to follow the Court's Order, this factor requires the Court to consider less drastic action *after* the party violates the Court's Order. *See Pagtalunan*, 291 F.3d at 643. Less drastic action could be providing Plaintiff with more time to respond, although Plaintiff has not been responsive to the Court's previous opportunities. Because the Court engaged in less drastic actions after Plaintiff's failure to comply with the Local Rules but did not engage in less drastic actions after Plaintiff's failure to comply with the Court's Scheduling Order, this factor is neutral.

Evaluating the five factors, they weigh in favor of dismissing this case. Considering all the circumstances, and counsel's health issues, the Court dismisses this case without prejudice.

## CONCLUSION

The Court GRANTS Defendants' motion to dismiss (ECF 9). This case is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED this 10th day of May, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge